## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CARLOS GONZALEZ, through his
next friend, JOHN DOE, SERGIO
GONZALEZ, RUBEN TARANGO,
and PADRES UNIDOS,

      Plaintiffs,

vs.                                                                          No. CIV 05-580 JB/WPL

ALBUQUERQUE PUBLIC SCHOOLS,
ALBUQUERQUE PUBLIC SCHOOL
BOARD OF EDUCATION, ALBUQUERQUE
PUBLIC SCHOOL SUPERINTENDENT
ELIZABETH M. EVERITT, in her official
capacity, FOUR UNNAMED ALBUQUERQUE
PUBLIC SCHOOL OFFICIALS, in their
individual and official capacities, THE CITY
OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE CHIEF OF POLICE RAY
SHULTZ, in his official capacity, ALBUQUERQUE
POLICE DEPARTMENT SCHOOL RESOURCE
OFFICERS JOE LEHOCKY, RANDY ROGERS
and OFFICER RUBEN ABEYTA, in their
individual and official capacities, and BORDER
PATROL AGENT PATRICK HERNANDEZ, in
his individual capacity,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on APD Defendants' Motion to Dismiss Plaintiffs'

Complaint, filed June 24, 2005 (Doc. 9). The Court held a hearing on this motion on September 7,

2005. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at

the time of the hearing, the Court will deny the motion.

On June 24, 2005, the Defendants City of Albuquerque, Albuquerque Police Department,

Albuquerque Chief of Police Ray Shultz, Albuquerque Police Department School Resource Officers Joe Lehocky, Randy Rogers, and Ruben Abeyta ("the APD Defendants") filed a motion to dismiss the Plaintiffs' Complaint.  The APD Defendants argued that Plaintiffs John and James Doe and Padres Unidos lack standing to bring a cause of action for injuries that Plaintiffs Carlos and Sergio Gonzalez and Ruben Tarango allegedly suffered.  See APD Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiffs' Complaint ("APD Defendants' Memorandum") at 6-9, filed June 24, 2005 (Doc. 10).  The APD Defendants also contended that John and James Doe do not satisfy the requirements under rule 17(c) of the Federal Rules of Civil Procedure to sue as "next friends" of Carlos and Sergio Gonzalez and Ruben Tarango.  See id. at 7-8.  The APD Defendants further asserted that the Court should dismiss the Plaintiffs' due process claims because they actually assert alleged violations under the Fourth Amendment to the United States Constitution, not under the Fourteenth Amendment.  See id. at 9-10.  Finally, the APD Defendants urged dismissal of the APD because it is an administrative department of a municipal corporation and, therefore, not suable.  See id. at 10-11.

    At the hearing, and after reviewing each party's briefing, the parties made a number of concessions and many issues were resolved.  See Transcript of Hearing at 6:25-7:25, 11:11-12:21, 14:25-15:17 (taken September 7, 2005).[1]  Accordingly, the Court asked the parties to send it letters outlining the remaining issues to be decided on this and other outstanding motions.  See id. at 40:13-41:18.  On September 21, 2005, the APD Defendants wrote a letter to the Court stating that the only issue requiring resolution is their request for Padres Unidos' dismissal for lack of standing.  See Letter

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

from Stephanie M. Griffin, Assistant City Attorney, to the Honorable James Browning, United States District Judge, at 1 (dated September 21, 2005).  Two days later, the Plaintiffs submitted a letter confirming that the parties needed the Court to rule on the issue of Padres Unidos' standing.  <u>See</u> Letter from David Herrera Urias, Mexican American Legal Defense and Educational Fund, Inc., to the Honorable James Browning, United States District Judge, at 2 (dated September 23, 2005).  The Plaintiffs did not identify any other issues from this motion for the Court's resolution.

A plaintiff bringing suit in federal court must establish that it has standing.  <u>See</u> <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 11 (2004).  The Supreme Court of the United States has articulated the three elements comprising "the irreducible constitutional minimum of standing." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).  First, a plaintiff must "demonstrate injury in fact -- a harm that is both concrete and actual or imminent, not conjectural or hypothetical." <u>Vermont Agency of Natural Res. v. United States ex rel. Stevens</u>, 529 U.S. 765, 771 (2000)(internal quotations omitted)(citing <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 155 (1990)).  Next, a plaintiff must establish causation by showing a fairly traceable connection "between the alleged injury in fact and the alleged conduct of the defendant." <u>Id.</u> (citing <u>Simon v. E. Ky. Welfare Rights Org.</u>, 426 U.S. 26, 41 (1976)).  Finally, a plaintiff must satisfy the redressability requirement by confirming "a substantial likelihood that the requested relief will remedy the alleged injury in fact." <u>Id.</u> (citing <u>Simon v. E. Ky. Welfare Rights Organization</u>, 426 U.S. at 45).

Under a long-settled principle, organizations, as well as individuals, may assert standing "solely as the representative of its members."  <u>Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Brock</u>, 477 U.S. 274, 281 (1986)(stating that the doctrine of associational standing "has long been settled")(internal quotations and citations omitted).  Associational standing

"recognizes that the primary reason people join an organization is often to create an effective vehicle for vindicating interests that they share with others." Id. at 290.  The Supreme Court first recognized associational standing in Warth v. Seldin, 422 U.S. 490 (1975).  In Warth v. Seldin, the Supreme Court explained that, to satisfy the standing requirements,

> [t]he association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit. . . . So long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction.

United Food & Commer. Workers Union Local 751 v. Brown Group, 517 U.S. 544, 552 (1996)(quoting Warth v. Seldin, 422 U.S. at 511, and describing the passage as the first time associational standing was "squarely recognized")(internal quotations omitted).  To establish associational standing, an organization must show that: (i) "its members would otherwise have standing to sue in their own right"; (ii) "the interests it seeks to protect are germane to the organization's purpose"; and (iii) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Id. at 553 (citing Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977)).

The associational standing test's first prong requires "an organization suing as representative to include at least one member with standing to present, in his or her own right, the claim (or the type of claim) pleaded by the association." Id. at 555.  See John Roe #2 v. Ogden, 253 F.3d 1225, 1230 (10th Cir. 2001)(finding that an organization had standing because one of its members had standing to sue in his own right)(citation omitted).  The first prong "embodies the Article III requirements of injury in fact, causal connection to the defendant's conduct, and redressability." Am. Forest & Paper

Ass'n v. EPA, 154 F.3d 1155, 1159 (10th Cir. 1998)(citation omitted). Satisfaction of the second prong ensures that "the association's litigators will themselves have a stake in the resolution of the dispute, and thus be in a position to serve as the defendant's natural adversary." United Food & Commer. Workers Union Local 751 v. Brown Group, 517 U.S. at 555-56. Unlike the first two prongs, the third prong is prudential, not constitutional, in nature. See id. at 556-58. Individual participation is not normally required when "an association seeks prospective or injunctive relief for its members," id. at 546, because "the remedy, if granted, will inure to the benefit of those members of the association actually injured," Warth v. Seldin, 422 U.S. at 515.

The Court concludes that Padres Unidos has satisfied the requirements for associational standing. First, Padres Unidos must show that its members would otherwise have standing to sue in their own right, which can be satisfied by showing that at least one of its members would have individual standing to assert the claim pleaded by the association. See United Food & Commer. Workers Union Local 751 v. Brown Group, 517 U.S. at 553, 555; John Roe #2 v. Ogden, 253 F.3d at 1230. Carlos Gonzalez, Sergio Gonzalez, and Ruben Tarango are members of Padres Unidos. See First Amended Complaint ¶10, at 4, filed September 21, 2005 (Doc. 71). If any of these members has standing, then Padres Unidos also has standing to sue on that individual's behalf.

The APD Defendants do not contend that the three members lack individual standing. Even so, as part of its duty to assure its own jurisdiction, the Court has determined that the three members meet the Article III requirements for individual standing. The three individual Plaintiffs allege that they have suffered an injury in fact to their federal and state constitutional rights stemming from the actions of state law enforcement officers in stopping and searching them on March 30, 2004. See id. ¶¶ 29-66, at 8-14. This alleged harm is concrete, because it emanates from the particular actions of

law enforcement officers on a particular day, and is actual because it already occurred almost two years ago. Second, the injury to the Plaintiffs' constitutional rights are fairly traceable to the APD Defendants' actions, because the Plaintiffs allege that the APD Defendants either stopped and searched them or established policies allowing the Plaintiffs to be stopped and searched, thereby establishing causation. See id. Finally, the requested relief satisfies the redressability requirement, because there is a substantial likelihood that the requested relief will remedy the injury in fact by providing the Plaintiffs damages to compensate them for their injuries and by compelling the APD Defendants to refrain from engaging in such activities in the future. See id. ¶¶ 1-8, at 18-19. Because the three named members of Padres Unidos would therefore have individual standing, Padres Unidos satisfies the first prong of associational standing.

Next, the interests that Padres Unidos seeks to protect in this suit are germane to the organization's purpose. Padres Unidos has joined this suit to prevent the APD Defendants from interrogating students about their immigration status because such questioning interferes with the students' access to education; a student cannot be educated in a local school while he is being questioned or after he has been deported. See Plaintiffs' Response to City Defendants' Motion to Dismiss Plaintiffs' Complaint at 19, filed July 11, 2005 (Doc. 25). This interest is germane to the organization's purpose, which is to "ensur[e] access to public education for undocumented children and educat[e] immigrant parents and students about their rights in the public education system." Declaration of Nancy Valenzuela ¶ 3, at 1-2 (executed July 11, 2005)(hereinafter "Valenzuela Decl.").

Finally, the third requirement – that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit – does not appear to be in play in this case,

because the individual members are participating as Plaintiffs in this case.  Notwithstanding this possibility, the Court concludes that Padres Unidos meets the third requirement, because it seeks an injunction against the APD Defendants preventing them from engaging in such conduct in the future. See First Amended Complaint ¶ 66, at 14.  As such, the relief does not require individual members to take part to establish the particular amount of damages they suffered.  Also, the Court does not note anything about the claim asserted – that the APD Defendants have a policy of conducting illegal searches and seizures of suspected undocumented children – that requires individuals to participate to prove that the general policy exists.

Beyond arguing that Padres Unidos has not met the general standard for standing, the APD Defendants make two arguments against recognizing the organization's standing.  First, the APD Defendants contend that associational standing does not apply to suits, such as this one, utilizing 42 U.S.C. § 1983.  See APD Defendants' Reply to Plaintiffs' Response to APD Defendants' Motion to Dismiss Plaintiffs' Complaint ("Reply") at 4-5, filed July 27, 2005 (Doc. 28).  The United States Court of Appeals for the Tenth Circuit, however, has allowed § 1983 suits to go forward under the associational standing doctrine.  See John Roe #2 v. Ogden, 253 F.3d at 1228, 1230.  The Tenth Circuit case to which the APD Defendants cite for the proposition that a § 1983 plaintiff "must assert a violation of a constitutional right personal to the plaintiff and not the right of someone else," Archuleta v. McShan, 897 F.2d 495 (10th Cir. 1990), is inapposite because it dealt solely with individual standing, not associational standing; in that case, the Tenth Circuit held, without discussing associational standing at all, that the plaintiff could not sue the defendant because the defendant had not injured the plaintiff.  Similarly, the Tenth Circuit, in Dohaish v. Tooley, 670 F.2d 934 (10th Cir. 1982), explained that the father of the alleged injured party could not sue under § 1983 on his son's

behalf.  Again, <u>Dohaish v. Tooley</u> merely made clear that, in an individual standing case, the injury must have been personal to the plaintiff, but it did not discuss associational standing at all.  <u>See</u> 670 F.2d at 936-38.  The case from the United States Court of Appeals for the Second Circuit to which the APD Defendants cite for a similar proposition, <u>Aguayo v. Richardson</u>, 473 F.2d 1090 (2d Cir. 1973), was decided *before* the Supreme Court recognized associational standing for the first time; even if it is still good law after <u>Warth v. Seldin</u>, it conflicts with the Tenth Circuit's case law recognizing associational standing.  <u>See</u> <u>John Roe #2 v. Ogden</u>, 253 F.3d at 1225; <u>Am. Forest & Paper Ass'n v. EPA</u>, 154 F.3d at 1155.

Second, the APD Defendants argue that only the injured can assert injuries to a party's Fourth Amendment and Fourteenth Amendment rights against unreasonable search and seizure and to equal protection.  <u>See</u> Transcript of Hearing at 8:4-17, 34:9-24.  In response, Padres Unidos clarified that it is only pursuing an equal protection claim.  <u>See</u> <u>id.</u> at 17:19-18:11.[2]  Again, the Court notes that the APD Defendants' argument appears to confuse individual standing, wherein the plaintiff must assert an injury personal to it, with associational standing, wherein an organization can sue because of an injury personal to one of its members.

---

[2] Because the First Amended Complaint fails to state which Plaintiff asserts which Counts, it is unclear if Padres Unidos seeks relief for a violation of due process under Count III.  If Padres Unidos is seeking relief under Count III, then the issue raised in the APD Defendants' Motion to Dismiss, whether Count III should be dismissed, may still be a live one.  Padres Unidos, however, stated at the hearing that it is only pursuing an equal protection claim, thus implicating potentially only Counts II and VI.  Also, in their letters, the parties explained that the only issue remaining for the Court to decide from the Motion to Dismiss is the associational standing issue.  <u>See</u> Letter from Stephanie M. Griffin, Assistant City Attorney, to the Honorable James Browning, United States District Judge, at 1; Letter from David Herrera Urias, Mexican American Legal Defense and Educational Fund, Inc., to the Honorable James Browning, United States District Judge, at 2.  Based on these representations, the Court will not decide the due process issue in the APD Defendants' Motion to Dismiss.

Furthermore, the only case the APD Defendants cite to support this proposition is <u>Allen v. Wright</u>, 468 U.S. 737 (1984), where the plaintiffs challenged the granting of tax exempt status to allegedly discriminatory private schools even though they did not allege that their children had been victims of discrimination by those schools.  <u>See</u> 468 U.S. at 746.  As such, the plaintiffs lacked individual standing; the case neither discussed, nor ruled out, associational standing in equal protection claims.  Also, several other Circuits have allowed equal protection claims under both the Fifth and Fourteenth Amendments to go forward under associational standing.  <u>See</u> <u>Nat'l Parks Conservation Ass'n v. Norton</u>, 324 F.3d 1229, 1244 (11th Cir. 2003); <u>Fraternal Order of Police v. United States</u>, 152 F.3d 998, 1002 (D.C. Cir.), <u>reh'g granted</u>, 159 F.3d 1362 (D.C. Cir. 1998), <u>rev'd on other grounds</u>, 173 F.3d 898 (D.C. Cir. 1999); <u>Peoples Rights Org. v. City of Columbus</u>, 152 F.3d 522, 530-31 (6th Cir. 1998).  The Court's own research has found no case that bars an associational standing claim solely because it seeks relief under the Equal Protection Clause.

      **IT IS ORDERED** that APD Defendants' Motion to Dismiss Plaintiffs' Complaint is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

David Herrera Urias
David G Hinojosa
Nina Perales
Marisol L Perez
Mexican American Legal Defense & Educational Fund, Inc.,
San Antonio, Texas

– and –

Phillip G Sapien
Albuquerque, New Mexico

     *Attorneys for the Plaintiffs*

Max J. Madrid
Arthur D. Melendres
Modrall Sperling Roehl Harris & Sisk PA,
Albuquerque, New Mexico

     *Attorneys for Defendants Albuquerque Public Schools, Albuquerque Public School Board*
     *of Education, Albuquerque Public School Superintendent Elizabeth M. Everitt*

Stephanie M. Griffin
Walsh Anderson Brown Schulze & Aldridge PC
Albuquerque, New Mexico

     *Attorney for Defendants City of Albuquerque, Albuquerque Police Department, Albuquerque*
     *Chief of Police Ray Shultz, Albuquerque Police Department School Resource Officers Joe*
     *Lehocky, Randy Rogers, and Ruben Abeyta*

John W. Zavitz
Assistant United States Attorney
Albuquerque, New Mexico

     *Attorney for Defendant Border Patrol Agent Patrick Hernandez*